SIFFKIN *v.* MANNING.

On a bill to get back goods on the ground that they were obtained by false pretences and on a fictitious sale, the defendant, under the statute to compel defendants to answer bills in certain cases, (Session's Laws of 1833, p. 17,) must answer as to the alleged false pretences.

BILL for discovery and relief, to get back goods obtained, as alleged, by fraud; but assumed to be a sale by the defendant. The latter interposed a demurrer, accompanied by an answer. The matter of the demurrer now came before the court.

*Jan.* 21, 1840.

*Pleading.*
*Answer.*
*Demurrer.*

Mr. *H. F. Clark*, in support of the demurrer.

Mr. *Charles Edwards*, contra.

THE VICE-CHANCELLOR :—I am inclined to think that this demurrer is overreached by the answer within the decision of the Chancellor in *Leaycraft* v. *Dempsey*, 4 Paige's C. R. 124; *i. e.* that it is inconsistent with what the answer in its outset assumes to cover. But, however this may be, I think the statute to compel defendants to answer bills in this court in certain cases where they might otherwise be exempt, Session's Laws of 1833, p. 17, applies to this case. Among other things, a defendant shall be compelled to answer " where the defendant shall be charged with any fraud whatever affecting the right or property of others." The obtaining goods by false pretences, which may subject the party to an indictment, is obtaining them by fraud; and though he must answer in relation to the fraud or the false pretences, yet the statute forbids any use being made of his answer as evidence against him on any complaint or on the trial of an indictment for the fraud. This is all the protection that justice requires he should have. The demurrer must be overruled, with costs; and the defendant must answer those parts of the bill to which the demurrer relates in twenty days.